AUSA: Patrick Hurford                    Telephone: 313-226-9553

Special Agent        : Matthew Schuff            Telephone: 248-828-7576

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America,

               Plaintiff,

v.

DAVID KERSEY

Case:2:13-mj-30574
Judge: Unassigned,
Filed: 09-19-2013 At 11:36 AM
USA v. David Kersey (CMP)(MLW)

               Defendant(s).

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about the date(s) of July 31, 2013 _____, in the county of Oakland _____
in the Eastern _____ District of Michigan _____, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 18 U.S.C. 1001 | False statement to a federal law enforcement officer |

This criminal complaint is based on these facts:
See Attached Affidavit

☑     Continued on the attached sheet.

*Complainant's signature*

Matthew C. Schuff, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   7/19/13

*Judge's signature*

City and state: Detroit, Michigan

Hon. R. Steven Whalen, United States Magistrate Judge
*Printed name and title*

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

### AFFIDAVIT

I, Matthew C. Schuff, a Special Agent (SA) with the Federal Bureau of Investigation (FBI), Detroit Division, Michigan, being duly sworn, depose and state as follows:

### INTRODUCTION

1. I have been employed with the Federal Bureau of Investigation (FBI) since September 2003 and employed as a Special Agent for the previous five years. I am currently assigned to the Detroit Division of the FBI, Oakland County Resident Agency, located in Troy, Michigan. My duties include the investigation of various violations of federal criminal law, including matters involving bank fraud (Title 18, United States Code, Section 1344).

2. I am a "federal law enforcement officer" within the meaning of Rule 41(a) of the Federal Rules of Criminal Procedure.

3. I have conducted this investigation through interviews of witnesses, the review of documents, and information provided by fellow agents and law enforcement officers. Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that, beginning in or about July 31, 2013, in the Eastern District of Michigan, DAVID KERSEY, with the intent to deceive, provided a false statement to a federal law enforcement officer in violation of 18 U.S.C. § 1001. Accordingly, this affidavit does not contain all details or all facts of which I am aware relating to this investigation.

## DETAILS OF THE INVESTIGATION

4. In 2006, a mortgage fraud investigation was opened by the Federal Bureau of Investigation based on information that ROBERT YEO, RICARDO DEL VALLE, SHERI ROSENBAUM (a/k/a SHERI FIROSZ), and others were involved in mortgage fraud schemes in the Oakland County area.

5. In July 2008, the FBI executed a search warrant at the offices of Michigan Financial Center (MFC), which was also the home of loan officer ROSENBAUM. Pursuant to the search warrant, numerous mortgage files were seized and later analyzed.

6. In April 2009, Warren Bank, a Federally Insured Financial Institution at the time, provided information to the FBI that numerous loan files submitted for lending approval by ROSENBAUM, contained suspicious supporting documentation to include employment information that could not be substantiated. One of the files was for a borrower named "D.R." for a property located at 71 Winder, Detroit, Michigan. Warren Bank ultimately denied the loan.

7. This Affiant reviewed the Universal Residential Loan Application (URLA) that was submitted to Warren Bank to induce Warren Bank to approve a loan in the name of D.R. The URLA represents that "D.R." was employed by NULISE PROPERTIES, LLC 680 Long Lake Road, Bloomfield Hills, MI. The URLA further represents that D.R.'s income, derived from his/her employment with NULISE PROPERTIES, LLC, is $9,583 per month.

8. The loan application submitted to Warren Bank included a Verification of Employment (VOE) on MFC letterhead. This VOE represented that MFC contacted NULISE and verified that D.R. was in fact employed by NULISE. The VOE represented that MFC verified D.R.'s employment by

2

communicating directly with DAVID KERSEY, and that KERSEY was the owner of NULISE.

9. In addition, two paystubs were included in the loan application sent to Warren Bank to obtain a loan in the name of D.R. These paystubs appeared to be from NULIFE PROPERTIS LLC, 680 Long Lake Road, Bloomfield Hills, MI. The paystubs were dated 3/14/2008 and 3/28/2008, reflected state taxes were withheld, and supported the income representations made on the URLA.

10. Pursuant to a Federal Grand Jury Subpoena, the State of Michigan, Department of Treasury, provided state tax returns for "D.R." A review of the records by the Affiant revealed "D.R" had state taxes withheld through her employer, the State of Michigan. There was no record of "D.R." having been employed by NULIFE or NULISE PROPERTIES, LLC in 2008 or 2009.

11. According to the State of Michigan, Department of Licensing and Regulatory Affairs, NULIFE PROPERTIES, LLC was organized by DAVID KERSEY in 2002. As of 2008, KERSEY was the Registered Agent of the company with an address of 680 Long Lake Road, Bloomfield Hills, MI.

12. In July and August 2013, your Affiant interviewed "D.R." who stated she had been employed by the State of Michigan for over ten years and never worked for a company called NULIFE PROPERTIES, LLC or NULISE PROPERTIES, LLC. "D.R" never heard of such a company, nor was she familiar with the name DAVID KERSEY. "D.R." was provided an opportunity to review the URLA and copies of the above paystubs and stated the paystubs were fraudulent. "D.R." also stated the income was inflated and almost doubled the actual salary she earned with the State of Michigan.

3

"D.R." advised she had no previous knowledge of the information provided in the loan package to Warren Bank.

13. On July 31, 2013, your Affiant, located in Troy, Michigan, contacted KERSEY and advised KERSEY of the Affiant's identity and employment as a Special Agent with the FBI. KERSEY was also advised the FBI was conducting a criminal investigation related to ROSENBAUM.

14. Your Affiant advised KERSEY that ROSENBAUM faced charges related to fraudulent mortgage activities and information in loan files that appear to involve KERSEY. KERSEY was informed that the FBI needed the truth regarding the information contained in certain loan applications and asked KERSEY to verify the dates of employment and pay stubs for certain individuals for which there were representations made as to their employment with NULIFE.

15. KERSEY told the Affiant he was familiar with ROSENBAUM through their children and was aware she was in the mortgage business. KERSEY stated he worked on a few deals with her but did not think they ever closed.

16. KERSEY verified he owned NULIFE PROPERTIES and it was no longer in existence. Your Affiant inquired as to the employment of "D.R." to which KERSEY responded "D.R." worked there, but was unable to recall dates of employment or the position held by "D.R". KERSEY further stated he would need to look back at corporate records. KERSEY also informed this responded he no longer maintained pay-stubs for the company.

4

17.   Based upon the foregoing, there is probable cause to believe that DAVID KERSEY

provided a false statement to the FBI in violation of Title 18, United States Code, Section

1001.

_____
Matthew C. Schuff, FBI
Special Agent


Subscribed and sworn to before me this 19th day of September, 2013.

_____
R. STEVEN WHALEN
United States Magistrate Judge

5